This is an action for damages to property of plaintiff’s testatrix by the defendants.
Susan J. Clark, plaintiff’s testatrix, owned the premises Ho. 136 MacDougal street, a four-story brick dwelling *662 house, fronting twenty feet on MacDougal, and with its whole length, fifty-eight feet, lying along West Third street (more commonly called Amity). This street was laid out in 1823, pursuant to the general street opening act of 1813, and plaintiff's predecessor in title, Ireland, paid an assessment for such opening.
In front of these premises on West Third street, the defendant, the Metropolitan Elevated Railway Company, in 1876, built the present structure, and in 1878 commenced running trains thereon past the windows of this house, and in 1879, leased its property to the Manhattan Railway Company, which was operating it at the time this action was begun by Mrs. Clark in November, 1883.
This structure stands on a level with the second-story windows, and about twelve feet from them, and cuts off sunlight from the basement, parlor, and, to a certain degree, second floor windows. The trains of cars, which stand about ten feet higher than the structure, cut off or interfere with all the light entering from the Amity street side, the basement, parlor and second floor windows. They throw a flickering flashing light into these windows.
It was shown that the interference by defendant’s structure and operations with the easement of light was very materially to injure the value of the premises. Upon the trial the plaintiff abandoned his claim for damages to the easement of air and access, and rested his claim for compensation solely upon the damages to the easement of light, as caused by the structure and operations of the railway.
Judge Barrett assessed the damages at $2,500, and directed judgment for that sum and costs.
Brady, J.
The court of appeals, in Story v. N. Y. E. R. R. Co. (90 N. Y., 122), as it is understood, determined that an abutting owner, for an injurious interference with, or interruption of light from the street, was entitled to remuneration. It was an easement, to the unobstructed enjoyment of which he was entitled. There are many cases cited in the prevailing opinion delivered in that case by Justice Danforth, illustrative and declarative of the rule.
The substantial objection urged with great zeal by the learned counsel for the defendants, is that the legislature, having the power, duly authorized the construction of the. defendants’ road, and the abutting owner, who does not own the fee of the street, cannot claim any compensation from any inconvenience resulting from the éxercise of the right conferred, if the street still remains open and practicable for the ordinary use of the public. But this proposition, expressive though it may be in cases to which it is *663 properly applicable, seems to be formulated upon the dissenting opinion of Earl, J. in the Story case, although sustained by other citations. Whatever may have been or may be the rule as to surface roads per se, that which governs the rights of the abutting owner from structures above the surface has been defined for this case by the adjudication to which reference has been made.
The issue, therefore, which was presented herein to the learned justice presiding at the trial was, whether the defendant’s structure and its use invaded the realm of light which, in common with others, belonged to the plaintiff, and diminished it. Upon that subject the evidence may be said to have been in collision, if not in conflict, and, after due delibertion, to have been regarded as more favorable, to the plaintiff. This applies as well to the issue mentioned as the amount of damages which should be awarded to the plaintiff for the deprivation to which he was subjected; and as the evidence must be said to be sufficient to sustain both conclusions arrived at, the judgment cannot, on the questions of fact, be disturbed. The rule of damages adopted, namely, the difference in value with the full and unobstructed use of the easement and the value without it, was the proper one. Matter of N. Y. C. and C. Co., 15 Hun, 63, 67, 69; Matter of Lackawanna and W. R. R. R. Co., 29 id., 1; N. Y. W. S. and R. Railway Co. v. Sutherland, 35 id., 260.
These cases also establish the proposition that the operation of a road as an entirety must be considered in the estimate of damage, and, therefore, the running of trains constitutes an essential part of it—indeed, the most important—for without them it would be useless. Whatever interruption of light, therefore, they occasioned was a part of the interference arising from the structure and its uses and legitimately a part of the disturbing cause. See also Story’s case {supra). The evidence relating to them was properly received, therefore.
The further proposition that judgment could not be given .against both defendants for the reason that the structure was not used by the defendant, the Metropolitan Railway, after May 20, 1879,_ when it was leased to the defendant, the Manhattan Railway, is not regarded as sound. The first defendant named erected the structure and equipped it for use, and subsequently leased it to the second defendant named, and thus continued the wrong complained of.
This case has been frequently examined, and although the extended, exhaustive and able brief of the appellant’s counsel presents a fine field of refinements and invokes discussion, it is nevertheless simple, starting with the proposition that the obstruction of light may not be indulged in *664 without affording proper indemnity. No error in its disposition has been discovered, and the judgment must be affirmed, with costs.
Daniels, J., concurs.